IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON RITTERSTEIN,

    Plaintiff,

v.                                 Civil Action No. RDB-18-2377

IAP WORLDWIDE SERVICES, INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jason Ritterstein ("Plaintiff" or "Ritterstein") brings this action against Defendant IAP Worldwide Services, Inc. ("Defendant" or "IAP") alleging retaliation in violation of the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-601 *et seq*. (Compl., ECF No. 1-1.) Plaintiff initially filed this action in the Circuit Court for Harford County, Maryland, and the Defendant removed it to this Court on August 3, 2018. (ECF No. 1.) Currently pending is the Plaintiff's Motion to Remand. (ECF No. 7.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Plaintiff's Motion to Remand (ECF No. 7) is GRANTED IN PART and DENIED IN PART. Specifically, this case will be REMANDED to the Circuit Court for Harford County, Maryland, but the Plaintiff is not entitled to costs.

## BACKGROUND

On June 27, 2018, Plaintiff Jason Ritterstein ("Plaintiff" or "Ritterstein") filed a

Complaint against Defendant IAP Worldwide Services, Inc. ("Defendant" or "IAP") in the Circuit Court for Harford County, Maryland. (ECF No. 1-1.) The Complaint alleges that IAP retaliated against Plaintiff for assisting and/or participating in an Equal Employment Opportunity Commission investigation initiated by Plaintiff's coworker, in violation of the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-601 *et seq.* (*Id.*) Ultimately, the Plaintiff alleges that he was terminated on or about March 23, 2017. (*Id.* at ¶ 23.) The Complaint's ad damnum clause[1] states "Plaintiff Jason Ritterstein demands judgment against Defendant IAP Worldwide Services, Inc. for compensatory damages; back pay; punitive damages; and/or recoverable attorneys' fees in the amount of $75,000." (*Id.*)

On August 3, 2018, IAP removed the action to this Court on the basis of diversity jurisdiction under 18 U.S.C. § 1332. (ECF No. 1.) The Notice of Removal indicates that there is complete diversity between the parties and that "[i]t is certain . . . that Plaintiff's requested damages are in excess of $75,000." (*Id.* at ¶¶ 4-7.) On August 31, 2018, Ritterstein filed a Motion to Remand, asserting that his well-pled claim for relief is not in excess of $75,000 and therefore this Court does not have diversity subject matter jurisdiction over his claim. (ECF No. 7.) In addition, the Motion to Remand seeks an order that the Defendant IAP pay the Plaintiff's costs related to this federal action.

**STANDARD OF REVIEW**

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a

---

[1] An ad damnum clause is a statement in a civil complaint that specifies the amount of damages that the plaintiff is seeking to recover.

2

motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal, and not the party seeking remand, bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 841 (D. Md. 2016) (quoting *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997)). "If federal jurisdiction is doubtful, a remand is necessary." *Pressl v. Appalachian Power Company*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).

**ANALYSIS**

I.   **Motion to Remand**

In order to satisfy diversity subject matter jurisdiction, the amount in controversy must exceed $75,000 and the controversy must be between citizens of different states. 28 U.S.C. § 1332(a). Diversity between the parties is not in dispute; the Notice of Removal identifies the Plaintiff as a citizen of Maryland and the Defendant as a Delaware Corporation with its principal place of business in Florida. (ECF No. 1 at ¶¶ 4-5.) The pertinent inquiry is whether, despite the fact that the Complaint's ad damnum clause seeks $75,000, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . .." 28 U.S.C. § 1332(a)(1).

"In most cases, the 'sum claimed by the plaintiff controls the amount in controversy determination.'" *JTH Tax, Inc. v. Frasier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul*

3

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586 (1938)); *see also Farrell v. Macy's Retail Holdings, Inc.,* Case No. 15-1726, 645 F. App'x 246, 249 (4th Cir. Apr. 14, 2016). The amount in controversy must be pled "in good faith," and "both actual and punitive damages are considered." *Mansaray v. Mut. Benefit Ins. Co.*, No. PX-17-0098, 2017 WL 2778824, at *3 n. 5 (D. Md. June 26, 2017) (citations omitted); *Baron v. Directv, LLC*, No. JKB-16-3145, 2016 WL 6078263, at *1 (D. Md. Oct. 17, 2016) (citations omitted). When a defendant challenges the plaintiff's damages claim, "removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed."[2] *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). This is consistent with the United States Supreme Court's declaration that "[i]f [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury,* 303 U.S. at 294; *Steers v. Samsung Elecs. Am., Inc.*, No. ELH-18-494, 2018 WL 4538611, at *2 (D. Md. Sept. 21, 2018) (quoting *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.*, 2013 WL 2181206, at *2 (D. Md. May 17, 2013)).

In addition to the proposition that the sum claimed by the plaintiff normally controls the amount in controversy determination, a plaintiff in Maryland state court may not obtain more than the amount sought in his or her complaint. *See Osia v. Rent-a-Ctr., Inc.,* No. DKC

---

[2] The Defendant incorrectly asserts that it must only demonstrate that Ritterstein would actually recover more than $75,000 by a preponderance of the evidence. (ECF No. 8 at 4.) The preponderance of the evidence standard only applies when the complaint does not allege a specific amount in damages. *Jackson v. Johnson*, No. ELH-14-00011, 2014 WL 689390, at *3 (D. Md. Feb. 20, 2014) (citing *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002)). Because Ritterstein's Complaint specifies an amount of damages, $75,000, the "legal certainty" standard applies. *See Jackson*, 2014 WL 689390, at *3 (applying the legal certainty standard when the plaintiff demanded judgment "in the amount of Seventy-Five Thousand Dollars ($75,000), plus the costs of this suit").

15-1200, 2015 WL 3932416, at *3 (D. Md. June 25, 2015) ("Under Maryland practice, a party may not obtain more than the amount sought in a complaint." (citing *Falcinelli v. Cardascia,* 339 Md. 414, 423, 663 A.2d 1256 (1995); *Scher v. Altomare,* 278 Md. 440, 442, 365 A.2d 41 (1976); *Bijou v. Young–Battle,* 185 Md. App. 268, 290–91, 969 A.2d 1034 (2009))). While a plaintiff may seek to amend the amount sought in the complaint after a jury verdict is returned,[3] leave to amend after a jury verdict "is not guaranteed." *See Jackson v. Johnson*, No. ELH-14-00011, 2014 WL 689390, at *4 (D. Md. Feb. 20, 2014) ("However, the Committee Note's text indicates that, even if a jury awards damages above the amount sought, leave to amend a complaint following a verdict is not guaranteed."). Rather, permission to amend is discretionary and there is no requirement that a court permit the amendment. *Id.* (citing *Gallagher v. Federal Signal Corp.,* 524 F. Supp. 2d 724 (D. Md. 2007)).

Plaintiff Ritterstein argues that in the Circuit Court for Harford County, Maryland, he would be limited to the Complaint's claim for damages which does not exceed $75,000. (ECF No. 7-1). In the Opposition to the Motion to Remand, the Defendant argues that the amount in controversy set forth in the Complaint is sufficient to confer federal jurisdiction and as explained above, Ritterstein could move, post-verdict, to amend the Complaint's ad damnum clause. Reviewing the Complaint and the parties' submissions, the Defendant has not shown by a legal certainty that Ritterstein will actually recover more than $75,000 if he prevails on his Maryland Fair Employment Practices Act claim.

---

[3] *See* Md. R. 2-341 Committee Note ("The court may grant leave to amend the amount sought in a demand for a money judgment after a jury verdict is returned."); *Falcinelli v. Cardascia*, 663 A.2d 1256, 1262 (Md. 1995) ("[T]he ad damnum does not inherently limit the power of the jury to render a verdict and does not inherently limit the power of the court to enter a judgment."); *Baron v. Directv, LLC*, No. JKB-16-3145, 2016 WL 6078263, at *2 (D. Md. Oct. 17, 2016) ("Another factor in the Court's analysis is the ability of a plaintiff in Maryland state court to amend, post-verdict, the amount sought in a complaint.").

5

To support its argument that the Complaint satisfies the amount in controversy requirement, IAP primarily relies on its calculation of Plaintiff's potential back pay if he succeeds on his claim. (ECF No. 8.) IAP asserts that at the time of his termination, Ritterstein's salary was $55,000.19. (ECF No. 1 at ¶ 8.) Based off of this salary, IAP asserts that Plaintiff's back pay at the time of removal—sixteen months since his termination—was approximately $73,333 without mitigation. (*Id.*) Moreover, if the litigation was to take an additional eight months, IAP asserts that two years of back pay would be approximately $110,000 without mitigation. (*Id.*) Therefore, IAP asserts that Plaintiff's back pay alone would be in excess of $75,000 by the time of judgment. Further, IAP argues that in addition to back pay, the Complaint alleges that IAP acted "with actual malice" and juries have awarded damages in excess of $75,000 solely for compensatory and/or punitive damages. (*Id.* at ¶ 10.) Finally, IAP also emphasizes that the Complaint seeks attorney's fees. (*Id.* at ¶ 11.)

As to the Defendant's calculations of potential back pay, the Plaintiff Jason Ritterstein attached a declaration asserting that the amount of back pay he would be entitled to *with* mitigation would be much lower than IAP claims. (ECF No. 9-1.) Ritterstein declares that his annual salary at IAP was $55,000. (*Id.* at ¶ 5.) Based off of his W-2 U.S. tax forms, in 2017 he earned $15,256 from IAP prior to his termination. (*Id.* at ¶ 4.) After his termination, in 2017 he earned $7,856 working while looking for a permanent position and $27,227 in his current position at Northrop Grumman. (*Id.*) Accordingly, Ritterstein asserts that his back pay, with mitigation but not including a 401(k) contribution match, only totals $4,661 for 2017 and zero for 2018. (*Id.* at ¶ 5.) Therefore, the Plaintiff's potential back pay damages are

over seventy thousand dollars less than the statutory requirement. Moreover, the Defendant only speculates as to any potential awards of punitive damages or attorney's fees. *See Kelly v. Bank of Am., N.A.*, No. CCB-12-2850, 2013 WL 3168018, at *3 (D. Md. June 18, 2013) ("The defendants contend that 'taking this matter through trial, including discovery and depositions, would reasonably require at least 83.4 hours of the Kellys' counsel's time, which, at $300 per hour for his services, would place their attorneys' fees above $25,000. Such a claim in this case is purely speculative, however—the defendants offer no evidence to support it."); *see also Adoff v. Protus IP Sols., Inc.*, No. DKC 09-1557, 2009 WL 3380328, at *4 (D. Md. Oct. 16, 2009) (holding that remand to the Circuit Court for Montgomery County, Maryland was appropriate where the defendant had only speculated that any one class action plaintiff would recover more than $75,000 while the complaint limited the potential recovery to $74,500). Therefore, the Defendant has not shown by a "legal certainty" that, if Ritterstein were to prevail, he would recover more than $75,000. Accordingly, this Court does not have federal subject matter jurisdiction over Plaintiff's claim and this case will be REMANDED to the Circuit Court for Harford County, Maryland.

**II.    Motion for Costs**

The Plaintiff's Motion to Remand also seeks an order that the Defendant IAP pay the Plaintiff's costs related to this federal action. (ECF No. 7.) A remand order may require the payment of "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fees and costs should only be awarded, however, "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v.*

7

*Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 549-550 (D. Md. 2012) (applying the objectively reasonable standard to both attorney's fees and costs); *Fastmetrix, Inc. v. ITT Corp.*, 924 F. Supp. 2d 668, 676 (E.D. Va. 2013) ("But the award of costs and fees is not appropriate here, because the references to the NGA in the TAC provided a weak, but objectively reasonable basis for seeking removal.").

As this Court has explained, "a plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 564 (D. Md. 2002); *Feldman's Medical Center Pharmacy, Inc. v. CareFirst Inc.*, 959 F. Supp. 2d 783, 798 (D. Md. 2013). "Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such an award." *Cohn v. Charles*, 857 F. Supp. 2d 544, 549-550 (D. Md. 2012). The award of costs is not appropriate here where the Defendant's calculation of Plaintiff's back pay provided an objectively reasonable basis for seeking removal. Therefore, the Plaintiff's Motion is DENIED with respect to his requests for costs.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 7) is GRANTED IN PART and DENIED IN PART. Specifically, this case will be REMANDED to the Circuit Court for Harford County, Maryland, but the Plaintiff is not entitled to costs.

Dated: October 10, 2018 _____/s/_____

Richard D. Bennett
United States District Judge